UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-14189-RAR

**RONALD ROBERT GARCIA**,

    Petitioner,

v.

**RICKY D. DIXON**,

    Respondent.[1]

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he challenges the Nineteenth Judicial Circuit Court in and for St. Lucie County's judgment in Case No. 2020CF000674A. *See* Petition [ECF No. 1]. Rule 4 of the Rules Governing Section 2254 Cases authorizes courts to dismiss a habeas petition arising under § 2254 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See also* 28 U.S.C. § 2243 (stating an order to show cause should issue "unless it appears from the application that the applicant or person detained is not entitled" to relief). Consistent with that authority, courts may *sua sponte* dismiss a § 2254 petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020).

---

[1] Petitioner named "Mark S. Inch," the former Secretary of the Florida Department of Corrections, as the Respondent in this case. Since Ricky D. Dixon is Mr. Inch's successor in that office, he has been automatically substituted as the Respondent. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

Based on a careful review of the Petition and the applicable state court records, the Court finds that at least one of the claims raised by Petitioner has not been exhausted.[2] In addition, Petitioner has failed to either pay the filing fee or file a sufficient motion to proceed *in forma pauperis* ("IFP"). For these reasons, the Court concludes that the Petition should be **DISMISSED** *without prejudice*.

## PROCEDURAL HISTORY

On March 10, 2021, a St. Lucie County jury found Petitioner guilty of "Battery on Elderly Person" in violation of Fla. Stat. § 784.08(2). *See* Jury Verdict, *State v. Garcia*, No. 2020CF000674A (Fla. 19th Cir. Ct. Mar. 10, 2021), Docket No. 185; *see also* Jury Verdict [ECF No. 1-1] at 17–18. The state trial court adjudicated Petitioner guilty and, on April 13, 2021, sentenced Petitioner to sixty (60) months in the Florida Department of Corrections. Judgment, *State v. Garcia*, No. 2020CF000674A (Fla. 19th Cir. Ct. Apr. 13, 2021), Docket No. 222.

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the following facts, which the Clerk's Office is **INSTRUCTED** to include as part of the record in this case:

(1) The St. Lucie County Docket in Case No. 2020CF000674A, which is available at https://courtcasesearch.stlucieclerk.com/BenchmarkWebExternal/Home.aspx/Search, as of June 7, 2022;
(2) The Florida Fourth District Court of Appeal Docket in Case No. 4D21-1324, available at http://onlinedocketsdca.flcourts.org/SearchDCA/MySearchDCA, as of June 7, 2022; and
(3) The Florida Fourth District Court of Appeal Docket in Case No. 4D22-838, available at http://onlinedocketsdca.flcourts.org/SearchDCA/MySearchDCA, as of June 7, 2022.

Rule 201 permits a federal court to take judicial notice of state-court records of an inmate's postconviction proceedings because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez*, 947 F.3d at 652. "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Id*. "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). Because Fed. R. Civ. P. 59(e) provides Petitioner with an opportunity to respond to this Order, judicial notice is appropriate here.

Petitioner appealed his conviction and sentence to the Fourth District Court of Appeal ("Fourth DCA"), but the appellate court summarily affirmed the trial court in an unwritten opinion. *See Garcia v. State*, No. 4D21-1324, 2022 WL 1416809, at *1 (Fla. 4th DCA May 5, 2022). Petitioner also filed a petition for writ of habeas corpus with the Fourth DCA, but this petition was summarily denied on May 2, 2022. *See* Fourth DCA Order [ECF No. 1-1] at 37.

Over the course of his state court prosecution, Petitioner has filed at least two other § 2254 habeas petitions with this Court. His first petition, filed on March 12, 2021, was dismissed by Judge Jose E. Martinez, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), since "Petitioner has not yet been sentenced" and thus state criminal proceedings were still pending. *See* Order Dismissing Habeas Petition, *Garcia v. Mascara*, No. 21-14120-CV, slip op. at 3 (S.D. Fla. Apr. 13, 2021), ECF No. 5. Petitioner's second § 2254 petition, filed on July 27, 2021, fared no better. In that case, Judge Rodney Smith concluded that Petitioner had failed to exhaust his claims as required by 28 U.S.C. § 2254(b) since "Petitioner is currently in the process of challenging the lawfulness of his conviction and sentence at the state appellate level[.]" Order Denying Petition for Writ of Habeas Corpus, *Garcia v. Inch*, No. 21-14303-CV, slip op. at 5 (S.D. Fla. Sept. 2, 2021), ECF No. 6. Judge Smith further advised Petitioner that "[o]nly after state proceedings have concluded and all state remedies have been exhausted may petitioner challenge the constitutionality of his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. § 2254." *Id.*

## **ANALYSIS**

Petitioner raises four grounds for relief: three of which are in his Petition and one of which is in a "supplemental" petition filed on June 1, 2022. *See* Supplemental Petition [ECF No. 4]. Petitioner's four claims are: (1) his sentence for Battery on an Elderly Person is illegal because the

jury only convicted Petitioner of "misdemeanor battery" and his current sentence is based on "a fraudulent verdict form," Pet. at 5; (2) Petitioner's sentence violates double jeopardy since he was previously acquitted of the same crime in Case Nos. 2019DR002940 and 2019CF003427A, *id.* at 7; (3) trial counsel was ineffective at sentencing because she "did not mention anything about double jeopardy" and did not request a presentence investigation report, *id.* at 8; and (4) the Fourth DCA illegally prevented Petitioner from filing an initial brief in his direct appeal, Supplemental Pet. at 1.

Habeas petitioners must exhaust their claims before presenting them in a federal habeas petition. 28 U.S.C. § 2254(b)–(c); *see also Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("Generally, in order to bring a § 2254 habeas corpus petition in federal court, a petitioner must exhaust all state court remedies."). Exhaustion has "two essential requirements": (1) the petitioner must "fairly present" the federal claims raised in a § 2254 petition by "present[ing] his claim to the state courts with the same claim he urges upon the federal courts," and (2) the petitioner must ensure that his federal claims have been presented "to the state's highest court, either on direct appeal or on collateral review." *Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022) (internal quotations omitted). If a petitioner has not "*properly* presented his claims to the state courts," his habeas petition must be dismissed since the petitioner has "procedurally defaulted his claims" in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis added).

Without addressing the exhaustion status of Petitioner's first, second, or fourth claims,[3] the Court easily concludes that Petitioner's third claim—which alleges ineffective assistance of trial

---

[3] The Court's assumption should not be construed as a finding that any of these claims have actually been exhausted as required by 28 U.S.C. § 2254(b)(1).

counsel—is unexhausted. Under Florida law, ineffective assistance of counsel claims must be raised on collateral review by filing a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. *See Sullivan v. Sec'y, Fla. Dep't of Corr.*, 837 F.3d 1195, 1199 (11th Cir. 2016) ("Florida requires that ineffective assistance claims generally be raised on collateral review pursuant to [Rule] 3.850."). Exhausting a collateral review claim "requires not only the filing of a [3.850] motion, but an appeal from its denial." *Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (quoting *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)). In reviewing the state court docket, Petitioner appears to have filed a postconviction motion on March 31, 2022, alleging that trial counsel was ineffective. *See* Motion to Vacate Sentence, *State v. Garcia*, No. 2020CF000674A (Fla. 19th Cir. Ct. Mar. 31, 2022), Docket No. 300 ("[C]ounsel was ineffective for failing to challenge the appropriateness of the sentence[.]"). The state postconviction court has not yet ruled on this motion, and, logically, Petitioner has not had the opportunity to appeal the state postconviction court's disposition of this motion. In other words, the ineffective assistance of counsel claim is unexhausted (and cannot be reviewed by this Court) since Petitioner has failed to present the claim "to the state's highest court, either on direct appeal or on collateral review." *Johnson*, 32 F.4th at 1096.

Assuming that Petitioner's other claims are exhausted, the instant Petition "contains both exhausted and nonexhausted claims" and is thus considered a "mixed petition." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004). The Eleventh Circuit has advised district courts that they have two options when dealing with a mixed petition. First, the court may simply "dismiss the petition, 'leaving the prisoner with the choice of returning to the state court to exhaust his claims or of amending and resubmitting the habeas petition to present only exhausted claims[.]'" *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (quoting *Kelley*, 377 F.3d at

1351).  The second available option is to "grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." *Id.*  After reviewing the Petition and the claims therein, the Court believes that dismissal—rather than granting a stay—is the more prudent course for three reasons.

*First*, Petitioner has failed to either pay the filing fee or file a proper motion to proceed IFP.  The filing fee for an application for a writ of habeas corpus is $5.00, 28 U.S.C. § 1914(a), but a person who is "unable to pay such fees or give security therefor" may—in lieu of paying the entire filing fee upfront—file an application to proceed IFP, 28 U.S.C. § 1915(a); *see also O'Neal v. United States*, No. 22-cv-20193, 2022 WL 168536, at *1 (S.D. Fla. Jan. 19, 2022) ("In the alternative [of paying the filing fee], a habeas petitioner may file a motion for leave to proceed [IFP.]").  A facially sufficient IFP motion requires both "an affidavit that includes a statement of all assets such prisoner possesses" and "a copy of his trust fund account statement for the prior six-month period." *Fuller v. Terry*, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting 28 U.S.C. § 1915(a), (b)).  In addition, this Court's Local Rules require an IFP movant to "submit the form 'Application to Proceed Without Prepayment of Fees and Affidavit,' which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form."  S.D. Fla. Loc. R. 88.2(b).  Petitioner has not provided either "a copy of his trust fund account statement" nor an affidavit which complies with Local Rule 88.2(b); therefore, this action cannot proceed until Petitioner either "pay[s] the filing fee or file[s] a [sufficient] motion to proceed *in forma pauperis*." *O'Neal*, 2022 WL 168536, at *1.

*Second*, Petitioner's supplemental petition does not "substantially follow the forms . . . prescribed by the Court and obtained from the Clerk of the Court upon request," nor was it "signed under penalty of perjury[.]"  S.D. Fla. Loc. R. 88.2(a).  In order to amend a habeas petition, this Court has long required petitioners to "completely fill out a new habeas petition form," with all of

the petitioner's claims being presented on this new amended petition. *McDougal v. Florida*, No. 18-CIV-20751, 2018 WL 11193324, at *3 (S.D. Fla. Mar. 13, 2018); *see also id.* at *1 ("The Court, however, will not permit piecemeal filings[.]"). The Court has also dismissed cases where a petitioner has failed to swear his or her amended petitions under penalty of perjury. *See, e.g.*, *Molina v. Satz*, No. 20-60121-CIV, 2020 WL 4381411, at *2 (S.D. Fla. July 31, 2020) (dismissing a *pro se* § 1983 complaint where the plaintiff "failed to swear under penalty of perjury").[4]

*Third*, Petitioner will suffer no prejudice by the dismissal of this Petition. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has a one-year period in which to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). That limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A). The Fourth DCA affirmed Petitioner's conviction in an unwritten opinion on May 5, 2022. *See Garcia*, 2022 WL 1416809, at *1. Under federal law, Petitioner's judgment will become final ninety days later—on August 3, 2022—so long as he does not file a petition for writ of certiorari with the United States Supreme Court. *See James v. Sec'y, Dep't of Corr.*, 499 F. Supp. 3d 1169, 1175 (S.D. Fla. 2020) ("Stated plainly, for petitioners who do not seek [certiorari review from the Supreme Court], the judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence." (citing *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006))). Since AEDPA's limitations period has not begun to run (and will not commence before

---

[4] Admittedly, neither of these first two concerns are usually a sufficient reason to dismiss a habeas petition—even though Fed. R. Civ. P. 41(b) allows the district court to dismiss actions for failing to comply with local rules. *See Czetli v. Sec'y, DOC*, 212 F. App'x 879, 881 (11th Cir. 2006) ("Thus, the district court abused its discretion by dismissing Czetli's petition without first giving him notice and an opportunity to pay the filing fee or file the required documentation to proceed IFP."). However, when combined with the other deficiencies addressed in this Order, the Court is satisfied that dismissal <u>without prejudice</u> is appropriate.

August 3, 2022), dismissal of this Petition will have no effect on Petitioner's future ability to present timely and properly exhausted claims to a federal district court. *Cf. Justice v. United States*, 6 F.3d 1474, 1481–82 & n.15 (11th Cir. 1993) (advising that a dismissal without prejudice is improper when "due to the running of the statute of limitations . . . the dismissal is tantamount to a dismissal with prejudice."); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

In sum, the Court finds that dismissing the Petition is the appropriate solution. Petitioner can either wait to file a new § 2254 petition once he is sure that all claims have been exhausted or he may "amend[] and resubmit[] the habeas petition to present only exhausted claims." *Ogle*, 488 F.3d at 1370. However, the Court will take this opportunity to advise Petitioner about the scope and purpose of habeas petitions filed pursuant to 28 U.S.C. § 2254. This is the third time that Petitioner has attempted to file a § 2254 petition challenging his state court conviction and the third time this Court has dismissed his petition because it was filed prematurely. *See Garcia*, No. 21-14120-CV, slip op. at 3; *Garcia*, No. 21-14303-CV, slip op. at 5. Once a federal district court rules upon the merits of a § 2254 petition, the petitioner is barred from challenging the same judgment and conviction again absent a "new rule of constitutional law" or newly discovered evidence which "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). The Court is skeptical that the other claims raised in the Petition have either been exhausted or are cognizable in a federal habeas proceeding, and the Court strongly encourages Petitioner not to file a federal habeas petition until he is sure that all of the claims he wishes to raise are both exhausted and implicate matters of federal or constitutional law. *See* 28

U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . <u>only</u> on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)).  The Court recognizes that Petitioner is dissatisfied with how the state court system has handled his claims thus far, but federal law is clear that he <u>must</u> give the state court a meaningful "opportunity to pass upon and correct alleged violations of [his] federal rights" before filing a § 2254 petition.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA").  A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his motion to vacate.  Rather, to pursue an appeal, a petitioner must obtain a COA.  *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'"  *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).  The procedural ruling in this Order is not subject to reasonable debate.  Accordingly, a COA is denied.

**CONCLUSION**

Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED without prejudice**. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a COA shall **NOT ISSUE**. The Clerk is **INSTRUCTED** to take judicial notice of the state court trial and appellate dockets. The case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of June, 2022.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: Ronald Robert Garcia
DC # K83829
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com